Matter of Charles KK. v Jennifer KK. (2019 NY Slip Op 06433)





Matter of Charles KK. v Jennifer KK.


2019 NY Slip Op 06433


Decided on August 29, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 29, 2019

528512

[*1]In the Matter of CHARLES KK., Appellant,
v
JENNIFER KK., Respondent. (Proceeding No. 1.)
In the Matter of PETER LL., Respondent, vCHARLES KK., Respondent, and JILLIAN KK., Appellant. (Proceeding No. 2.)
In the Matter of JILLIAN KK., Appellant, v
v
PETER LL., Respondent, et al., Respondent. (Proceeding No. 3.)

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Theresa M. Suozzi, Saratoga Springs, for Charles KK., appellant.
Donnellan & Knussman, PLLC, Ballston Spa (Sarah I. Wood of counsel), for Jillian KK., appellant.
Jean M. Mahserjian, Esq., PC, Clifton Park (Katrin E. Falco of counsel), for Peter LL., respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the child.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeals (1) from two orders of the Family Court of Saratoga County (Jensen, J.), entered October 30, 2018 and January 17, 2019, which dismissed petitioners' applications, in proceeding Nos. 1 and 3 pursuant to Family Ct Act article 6, for custody of the subject child, and (2) from an order of said court, entered January 28, 2019, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the subject child.
Jennifer KK. (hereinafter the mother), the mother of the subject child (born in 2012), died on September 16, 2018. At the time of the mother's death, the child resided with the mother and Jillian KK. (hereinafter the sister), the child's half sister. The mother married Charles KK. (hereinafter the husband) in 2000 and, although the child was born during their marriage, the mother and the husband had been living separate and apart since approximately 2003. From approximately 2003 or 2004 through 2015, the mother was involved in an intimate relationship with Peter LL. (hereinafter the father). In 2015, following the father's conviction for assault in the third degree, which stemmed from a domestic incident with the mother, the mother obtained an order of protection against the father in favor of both her and the child, which was set to remain in force until March 6, 2020 [FN1]. Later that same year, the father moved to California, where he presently resides.
Two days after the mother's death, on September 18, 2018, the husband filed a petition seeking custody of the child, naming only the mother as a respondent. On October 2, 2018, the father filed two petitions: one seeking an order of filiation declaring him to be the child's father and the other seeking sole legal and physical custody of the child. On October 30, 2018, Family Court dismissed the husband's petition for his failure to name any living party as a respondent, while also explaining to the husband, who was proceeding pro se, that a custody petition was unnecessary at that time because he was the child's presumptive father. However, in light of the father's paternity petition, the court ordered the father and the child to undergo genetic testing to determine paternity.
Thereafter, in November 2018, the attorney for the child moved for an order directing forensic psychological evaluations of the parties and the child given the history of violence between the mother and the father and the child's recent loss of not only the mother, but also the child's half brother, among other concerns. On January 4, 2019, having received paternity test results indicating that he was the child's biological father,[FN2] the father cross-moved for summary judgment on his petitions. On January 10, 2019, the sister submitted an affirmation in opposition to the father's cross motion and in support of the attorney for the child's motion, in addition to her own petition for custody of the child in which she alleged extraordinary circumstances. At a court appearance the following day, January 11, 2019, Family Court declined to consider either the sister's opposition to the father's cross motion or her custody petition, asserting that her submissions had not yet been administratively processed by the court, and, with the conclusion that there were no other petitions before it, the court granted the father's cross motion for summary judgment, awarding him custody of the child, without a hearing. The court also issued [*2]an order of filiation on that date declaring the father to be the child's biological parent. On January 17, 2019, the court issued an order indicating that it dismissed the sister's January 10, 2018 petition for her failure to file a petition compliant with the Uniform Child Custody Jurisdiction Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]), as the father resides outside the state. On January 28, 2018, the court issued an order that, among other things, granted the father sole legal custody of the child. The husband appealed from the October 20, 2018 order dismissing his custody petition, and the sister appealed from Family Court's January 17, 2019 and January 28, 2019 orders that, respectively, dismissed her custody petition and granted that of the father.[FN3]
Initially, only the sister's appeal from the January 28, 2019 order granting the father's petition was perfected. We withheld decision on that appeal in light of the intertwined nature of the three proceedings and directed the respective appellants to perfect the remaining two appeals, providing a briefing schedule to that end (Matter of Peter LL. v Charles KK., 172 AD3d 1872, 1874 [2019]). All three appeals are now properly before us and are being decided together.
Having reviewed all three records, we find that Family Court should not have granted the father's cross motion for summary judgment on his custody petition without consideration of the sister's opposition papers to that motion or her own petition for custody of the child. In our view, once Family Court was made aware of the allegations of extraordinary circumstances, the necessary and proper course of action was to adjourn the proceedings for, at minimum, consideration of the relevant, and readily accessible, filings. Rather, the court chose to ignore the sister's papers despite its awareness of the minimal recent contact between the father and the child, allegations of the father's historic substance abuse and violence against the mother and the fact that an order of protection remains in effect against the father in favor of the child, among other concerns. With respect to the court's ex post facto UCCJEA rationale, we note that no motion to dismiss the petition on this ground was made, no opportunity to respond to the alleged statutory shortcomings was provided and the court failed to articulate any specific inadequacy with the petition in its order, leaving us largely to speculate as to its rationale. In any event, to the extent that the sister's petition lacked information required by the UCCJEA, the statute provides that the appropriate remedy would be to stay the proceeding until such information is furnished (see Domestic Relations Law § 76-h [2]), not dismiss the petition outright.
With respect to the husband's custody petition, we first find it incumbent to note that, at the time Family Court dismissed said petition, sua sponte, the court did not give the husband any opportunity to argue against dismissal thereof or to seek leave to amend as much. Indeed, the court assured the husband, who was self-represented, that he was the child's presumptive father and, thus, that his custody petition was unnecessary. With that understanding, the husband agreed to withdraw a paternity petition that he had also filed, and he did not file any subsequent petition thereafter, logically so. Notably, it was not until the January 4, 2019 filing of the father's petitions that the husband would have had any reason to think that subsequent petitioning was necessary, or would have had any idea who to name as a respondent in such petition. In light of the fact that, in Family Court's view, filing of a custody petition on January 10, 2019 would have been too late, this realistically gave the pro se husband, at most, three business days in which to act. We also note that the record reveals that, at the January 11, 2019 appearance, the husband was misinformed by the court that he himself had withdrawn his custody petition along with his paternity petition. Under these circumstances, we find that Family Court also erred in summarily dismissing the husband's custody petition.[FN4]
We therefore reverse and remit the matters to a different judge to, among other things, provide both the sister and the husband an opportunity to correct any of the alleged deficiencies in their respective petitions, consider any amended petitions in conjunction with the father's custody petition and then hold a consolidated hearing.
Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the orders are reversed, on the law, without costs, and matters remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision before a different judge.



Footnotes

Footnote 1: It was alleged that the father shoved the mother down a flight of stairs while she was holding the child.

Footnote 2: Paternity is not being challenged, and the genetic marker testing report indicated a 99.99% probability that the father is the child's biological parent.

Footnote 3: This Court granted the sister's subsequent motion for a stay pending appeal (2019 NY Slip Op 63807[U]).

Footnote 4: The father contends that the husband's notice of appeal from the October 30, 2018 order is untimely. However, there is nothing in the record demonstrating when, if ever, said order was received by the husband in court, mailed to him by the Clerk of the Court or otherwise served on him by another party, thereby precluding a finding of untimeliness on the record before us (see Family Ct Act § 1113; compare Matter of Richard HH. v Saratoga County Dept. of Social Servs., 163 AD3d 1082, 1083 n 2 [2018], lv denied 32 NY3d 911 [2018]).